UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUSTIN LAWSON** | § | **C.A. NO. 3:22-CV-286** |
| | § | |
| **VS.** | § | |
| | § | |
| **ENI US OPERATING CO. INC.** and | § | |
| **LABORDE MARINE, LLC** | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff Justin Lawson ("Plaintiff"), complaining of Defendants ENI US Operating Co. Inc. ("ENI"), and Laborde Marine, LLC ("Laborde") (collectively "Defendants"), and, for cause of action, would respectfully show this Honorable Court as follows:

**I. PARTIES**

1.1   Plaintiff Justin Lawson, is a U.S. citizen and resident of Houma, Louisiana.

1.2   Defendant ENI US Operating Co. Inc., is a Delaware corporation with its principal place of business in Houston, Texas, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Capitol Corporate Services, Inc., 8550 United Plaza Building II, Ste. 305, Baton Rouge, LA 70809.

1.3   Defendant Laborde Marine, LLC, is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, John Peter Laborde, Jr., c/o Laborde Marine, LLC, 601 Poydras St., Ste. 1725, New Orleans, Louisiana 70130.

**II. JURISDICTION**

2.1    The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought for negligence under the general maritime law.  Additionally this Court has federal question jurisdiction over this matter pursuant to Plaintiff's claims which arise under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C.A. § 1301, *et seq.*

### III. VENUE

3.1    Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States.

3.2    Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391, as Defendant ENI US Operating Co., Inc., is a resident of this District, having its principal business establishment as designated in its application to do business in the State of Louisiana, within this District located at 8550 United Plaza Building II, Ste. 305, Baton Rouge, LA 70809.

### IV. FACTS

4.1    At all material times hereto, Defendant ENI was the operator of the Mississippi Canyon 773 (MC 773) platform ("platform"), the offshore platform involved in the incident made the basis of this suit.  At all material times hereto, Defendant Laborde was the owner and operator of the vessel involved in this incident, the *Cindy Jean Lab* ("vessel").

4.2    On or about August 14, 2021, Plaintiff was working as a rigger on the vessel for his employer Longnecker Properties.  The crane operator on the platform who was performing the lift was employed by Defendant ENI.  The captain of the vessel was employed by Defendant Laborde.

4.3    During his work on the vessel, Plaintiff was assisting with cargo operations on the back deck.  The crane lowered a load to the back deck of the vessel.  Plaintiff and his co-workers

approached the load in order to disconnect it from the crane, when without warning the load lifted up and swung. Plaintiff, still holding a tagline in an attempt to control the load, sustained significant physical injuries to his back and neck amongst others as a result.

## V.  CAUSE OF ACTION - NEGLIGENCE

5.1     As stated above, on or about August 14, 2021, Plaintiff sustained significant physical injuries as a result of the incident.

5.2     The damages sustained by Plaintiff were proximately caused by the negligence of ENI, its officers, agents, or employees, including the crane operator, in one or more of the following ways:

(a)     failing to provide proper and adequate supervision of the lift;

(b)     failing to properly coordinate the lift;

(c)     failing to take reasonable precautions for Plaintiff's safety;

(d)     failing to maintain adequate communication with the crane operator;

(e)     failing to exercise stop work authority;

(f)     allowing an incompetent and reckless crane operator to operate the crane;

(g)     failing to assess the conditions on board the vessel prior to beginning the lift;

(h)     failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

(i)     failing to properly train its employees about how to safely plan for and conduct the operation;

(j)     failing to maintain adequate communication with the rigger, signalman, other member of the crew of the vessel to determine when it was safe a appropriate to conduct the lift; and,

(k)     other acts of negligence and/or omissions to be shown at trial herein.

5.3.    Defendant Laborde is liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence, and/or conditions attributable to it, directly and/or

vicariously, by and through its agents, representatives and/or employees, including the vessel's Captain, in one or more of the following particulars:

    (a)    failing to provide proper and adequate supervision of the lift;

    (b)    failing to properly coordinate the lift;

    (c)    failing to take reasonable precautions for Plaintiff's safety;

    (d)    failing to maintain adequate communication with the crane operator;

    (e)    failing to exercise stop work authority;

    (f)    failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

    (g)    failing to assess the conditions on board the vessel prior to beginning the lift;

    (h)    failing to properly train its employees about the proper conditions to conduct cargo operations;

    (i)    failing to assess to wind, sea and weather conditions before the lift;

    (j)    failing to keep the vessel steady; and,

    (k)    other acts of negligence and/or omissions to be shown at trial herein.

5.4    As a result of all Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.5    Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.6     Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a)     physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b)     future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c)     physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d)     physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)     loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)     loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)     reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h)     reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)     past and future physical disfigurement; and
(j)     past and future physical impairment.

## VII.  INTEREST

7.1   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

WHEREFORE, Plaintiff prays:

(a)   that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)   that a judgment may be entered in favor of Plaintiff against Defendants, jointly, severally and *in solido*, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; attorney's fees; costs of suit; and

(c)   for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

**MANSFIELD, MELANCON, CRANMER & DICK, LLC**

By_____
Scott M. Mansfield, Bar # 36563
Collin R. Melancon, Bar #36582
Kelley R. Dick, Bar #36434
Brad W. Cranmer, Bar #36424
Seth T. Mansfield, Bar #34657
2133 Silverside Drive, Suite B
Baton Rouge, LA 70808
Telephone:     225-612-0800
Facsimile:      504-208-3731
Email: Scott@MMCDLaw.com
***Attorneys for Justin Lawson***